**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERIK MISHIYEV
Plaintiff,

v. Case No. 8:23-cv-1940-KKM-TGW

BEASLEY MEDIA GROUP, LLC,
and ARLANDAL ORLANDO DAVIS,
Defendants.

**REPORT AND RECOMMENDATION**

The plaintiff filed an affidavit of indigency pursuant to 28 U.S.C. 1915 (Doc. 2), seeking a waiver of the filing fee for his complaint alleging religious discrimination under 42 U.S.C. 1981 and six state law claims. The essence of the complaint, as best as can be discerned, is that the plaintiff was a successful DJ whose reputation and livelihood were irreparably damaged by defendant Davis who "participated in a pattern of unlawful sabotaging behavior over 20 years against the Plaintiff" due to the plaintiff's Jewish heritage (Doc. 1, pp. 2, 4, 5, 9).

The complaint is a shotgun pleading that does not comply with the Federal Rules of Civil Procedure. I therefore recommend that the plaintiff's complaint (Doc. 1) be dismissed, with leave to file an amended complaint. The application to proceed in forma pauperis (Doc. 2) is also

deficient and, therefore, warrants denial.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

Furthermore, although "allegations of a pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers .... this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

II.

The plaintiff's application to Proceed In Forma Pauperis (Doc. 2) is deficient. The plaintiff alleges that he will be spending $150,000.00 on the prosecution of this matter (Doc. 2, p. 5, ¶10). If that is the case, then he

can afford to pay the filing fee. Additionally, the plaintiff reports two different amounts for his monthly gross income (compare id., p. 1, ¶1 ($1500.00) with id., p. 2, ¶2 ($2,500)). This inconsistency raises doubt as to the veracity of his statements, and needs to be corrected.

III.

As indicated, the plaintiff's complaint is inadequate because it does not comply with the Federal Rules of Civil Procedure. Specifically, Rule 8(a)(2), F.R.Civ.P., requires a short and plain statement of the claim showing that the pleader is entitled to relief. See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). The plaintiff's complaint, which is 45 pages long (including exhibits) is anything but plain and short.

Furthermore, the complaint is a form of a shotgun pleading which is condemned by the Eleventh Circuit. Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (Shotgun pleadings "are flatly forbidden by the spirit, if not the letter, of these rules"). A "shotgun pleading"—one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief"—does not comply with the standards of Rules 8(a) and 10(b). Anderson v. District Board of Trustees of Central

Florida Community College, 77 F.3d 364, 366 (11th Cir. 1996). Thus, it forces the district court to sift through the facts presented and decide for itself which are material to the particular claims asserted. See id. at 366–67.

The Eleventh Circuit elaborated on shotgun complaints:

> "[W]e have identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The first is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. The second is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. Id. at 1323. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Barmapov v. Amuial, supra, 986 F.3d at 1324–25.

This complaint is undoubtedly a shotgun pleading. The "Statement of Facts" is ten pages long and contains numerous irrelevant facts (Doc. 1). Compounding the problem is that the plaintiff incorporates his 80-paragraph Statement of Facts into each of the seven causes of action (see

Doc. 1, pp. 11, 12, 14, 15, 16, 17). Thus, the plaintiff's complaint falls under the first and second categories of an impermissible shotgun pleading.

Therefore, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint should be dismissed. See Barmapov v. Amuial, supra, 986 F.3d at 1324-25.

However, in this circumstance it is appropriate to permit the plaintiff to file an amended complaint. Thus, the district court generally may not dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P. See Troville v. Venz, 303 F.3d 1256, 1261 n.5 (11th Cir. 2002); 1915(e)(2)(B)(ii).

In this regard, the plaintiff is advised that he should not — as he did this time — set forth a rambling list of events and circumstances. Further, each count should be supported within that count by a short and plain statement of relevant facts that support that claim.

Notably, the opportunity to file an amended complaint does not mean that the plaintiff has stated a cognizable claim.[1] That is properly

[1] To the contrary, Count I of the plaintiff's complaint alleging race discrimination in violation of 42 U.S.C. 1981 is problematic because the plaintiff's race is unclear. He alleges throughout the complaint discrimination based on his Jewish religion, but religious discrimination is not actionable under Section 1981. See 42 U.S.C. 1981

evaluated after the plaintiff files a complaint that complies with the Federal Rules of Civil Procedure.

In sum, I recommend that the complaint be denied without prejudice to the plaintiff filing an amended complaint within 14 days, and the application to proceed in forma pauperis be denied.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: September 13, 2023

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline

---

(referring to persons having equal rights to make and enforce contracts "as is enjoyed by white citizens."); Bailey v. Metro Ambulance Services, Inc., 1:16-cv-4440-WMR-JKL; 2019 WL 13289498 at *14 (N.D. Ga. Jan. 15, 2019) (citation omitted) (Section 1981 protects against discrimination solely based on one's race, ancestry and ethnic characteristics, and asserting discrimination on the basis of "a religion that is part of his ethnic characteristics or ancestry … does not transform said discrimination into race discrimination within the meaning of Section 1981."). Furthermore, each of the parties are Florida residents (Doc. 1, p. 1). Therefore, the court has no subject matter jurisdiction over the state claims if the plaintiff does not state a cognizable federal claim. See 28 U.S.C. 1332(a) (Diversity jurisdiction requires that the matter in controversy exceeds $75,000 and is between citizens of different States.).

to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.