# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ERIK MISHIYEV,

    Plaintiff,

v.                                              CASE NO: 8:23-cv-1940-KKM-TGW

ARLANDAL "ORLANDO" DAVIS;
BEASLEY MEDIA GROUP, LLC

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Arlandal "Orlando" Davis and Beasley Media Group, LLC (collectively "Beasley") move to dismiss with prejudice Plaintiff Erik Mishiyev's Amended Complaint (Dkt. 5) for failure to state a claim.

## INTRODUCTION

In this action, Plaintiff seeks to hold Beasley liable for claims that were previously unsuccessful in state court. The instant case represents Plaintiff's fourth attempt to allege viable causes of action for purported defamation and interference with his career. But Plaintiff's most recent iteration of claims fares no better than his prior attempts. Plaintiff's state court case was dismissed with prejudice, following two opportunities to establish that he was entitled to relief. After dismissal in state court, Plaintiff turned to federal court, where he filed almost an identical complaint to that previously litigated in state court. His initial complaint in this matter, like the

1

others before it, was determined to be insufficient and dismissed as an impermissible shotgun pleading. Plaintiff's Amended Complaint should be dismissed with prejudice in its entirety on *res judicata* grounds and for continuing to fail to state actionable claims.

## BACKGROUND

Plaintiff is a disc jockey who performed under the moniker DJ Short-E. (Dkt. 1 ¶15). The essence of Plaintiff's grievance is that Davis, a program director for Beasley-owned radio station WiLD 94.1 FM in Tampa, defamed Plaintiff and stunted his career by disparaging Plaintiff on the radio and social media. Pursuant to Davis's alleged disparagement, on October 22, 2020, Plaintiff filed suit against Beasley in state court in Hillsborough County, Florida, Case No. 2020-CA-8301 ("State Court Case").[1]

The State Court Case initially set forth causes of action against Davis and Beasley for defamation and intentional interference with a business relationship. Papadelias Decl., Ex. A. Beasley moved to dismiss this complaint pursuant to Florida's Anti-SLAPP statute and because Plaintiff's claims lacked merit overall. *Id.* at Ex. B. Following a hearing, the court denied Beasley's motion. *Id.* at Ex. C. On

---

[1] See *Mishiyev v. Davis*, Case No. 20-CA-8301, Complaint, attached as **Exhibit A** to the Declaration of Sarah Papadelias ("Papadelias Decl."). This court may take judicial notice of Mishiyev's state court case and related appeal without converting this motion into one for summary judgment. *Talley v. Columbus, Ga. Hous. Auth.*, 402 F. App'x 463, 465 n.4 (11th Cir. 2010) (taking judicial notice of pleadings from prior state court proceedings where claims were related). The state court filings are attached to the Papadelias Declaration.

2

appeal, the Second District Court of Appeal found that Beasley had carried the initial burden of demonstrating that Florida's Anti-SLAPP statute applied to the Complaint. Papadelias Decl., Ex. D; *see also Davis v. Mishiyev*, 339 So. 3d 449, 453-54 (Fla. 2d DCA 2022). On remand, Plaintiff had to demonstrate that his claims were "not primarily based on First Amendment rights in connection with a public issue and not without merit." Papadelias Decl., Ex. D; *see also Davis*, 339 So. 3d at 453 (quoting *Gundel v. AV Homes, Inc.*, 264 So. 3d 304, 314 (Fla. 2d DCA 2019); § 768.295(3), Fla. Stat.).

On September 2, 2022, Plaintiff filed a first amended complaint in the State Court Case, which added three new causes of action: negligent supervision, intentional infliction of emotional distress, and assault. *Id*. at Ex. E. Beasley again moved to dismiss Plaintiff's claims, arguing that Plaintiff failed to meet his burden regarding Florida's Anti-SLAPP statute, as directed by the appellate court, and that he had otherwise failed to establish any viable claim. *Id*. at Ex. F. The court granted Beasley's motion and dismissed the first amended complaint with prejudice on May 20, 2023, finding that Plaintiff "wholly failed to state or substantiate a legally sufficient claim" and that any further amendment would be futile. *Id*. at Ex. G.[2]

Shortly thereafter, on August 28, 2023, Plaintiff filed the instant case. The

---

[2] Mishiyev appealed the decision, which remains pending in the Second District Court of Appeals (Case No. 2D23-1242). On November 21, 2023 Mishiyev filed a motion to stay that appeal pending resolution of this case, which bolsters the fact that the identical claims and circumstances form the basis for each of his lawsuits. It was denied.

initial complaint included causes of action against Beasley and Davis for: (1) intentional racial discrimination, (2) defamation, (3) violations of Florida's Unfair and Deceptive Trade Practices Act, (4) intentional infliction of emotional distress, (5) negligent supervision, (6) assault, and (7) intentional interference with business relations (Dkt. 1). All Counts are brought against Davis except Count V (negligent supervision). Counts I, III, V and VII are brought against Beasley. Magistrate Judge Wilson issued a Report and Recommendation, finding that the complaint was an "impermissible shotgun pleading," and explicitly directed Plaintiff not to "set forth a rambling list of events and circumstances" and that "each count should be supported within that count by a short and plain statement of relevant facts that support that claim." (Dkt. 3 at 5). The Court adopted the Report and Recommendation and dismissed Plaintiff's initial complaint without prejudice. (Dkt. 4).

Despite specific direction from the Court, Plaintiff filed an Amended Complaint with the same causes of action as before and nearly four times as many paragraphs as the initial complaint.[3] (Dkt. 5). Instead of identifying a short and plain statement of relevant facts to support each claim, Plaintiff appears to copy and paste the majority of his 70 paragraph Statement of Facts into each count. In addition to disregarding the Court's direction, Plaintiff includes the exact same factual allegations and nearly identical causes of action in this matter as he did in the State Court Case. *See* Papadelias Decl., Ex. E.

---

[3] The initial complaint contains 129 paragraphs, while the Amended Complaint contains 480 paragraphs.

The instant lawsuit is an attempt by Plaintiff to re-litigate his unsuccessful claims in the State Court Case. His allegations in this matter contain the same "rambling list of events and circumstances" that have already been dismissed with prejudice. (Dkt. 3 at 5; Dkt. 4). Plaintiff's claims suffer from fatal defects for which amendment is futile. First, the claims are barred by *res judicata*. Second, the Amended Complaint is an impermissible shotgun pleading; and finally, each independent claim fails as a matter of law. For any or all these reasons, dismissal is proper.

## ARGUMENT

### I. Plaintiff's claims are barred by *res judicata*.

*Res judicata* determinations are pure questions of law. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004). When evaluating whether to give a *res judicata* effect to a state court judgment, federal courts must apply the "principles of the law of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985)). Because Plaintiff has previously litigated this matter in Florida state court, Florida law applies. *See Mercer v. Honda Motor Co., Ltd.*, 551 F.Supp. 233, 233-34 (M.D. Fla. 1982) (applying Florida law to determine whether *res judicata* barred a federal lawsuit where the underlying cause of action was adjudicated in the Fourth Judicial Circuit in and for Duval County, Florida).

"Under Florida law, the doctrine of *res judicata* bars a second action between the same parties or their privies on the same issue decided below." *Id*. at 234 (quotation omitted). The doctrine is founded on the sound policy that litigation should conclude at some point, and every justiciable controversy should be settled in a single action. *See Topps v. State*, 865 So. 2d 1253, 1255 (Fla. 2004) ("the idea underlying *res judicata* is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in *any court*.") (emphasis in original). Thus, *res judicata* applies to bar claims that were or could have been raised in a prior suit evaluated on its merits where the following four identities are met: (1) the thing sued for; (2) the cause of action; (3) the parties; and (4) the quality of the persons for or against whom the claims are made. *Id.* The Eleventh Circuit considers similar factors when conducting a *res judicata* analysis. *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369 (11th Cir. 2011)( listing the factors as (1) the prior decision was rendered by a court of competent jurisdiction, (2) there was a final judgment on the merits, (3) both cases involve the same parties or their privies, and (4) both cases involve the same causes of action). As to the cause of action element, "*Res judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Id.* at 1376 (internal citation omitted).

**A. The State Court Case was adjudicated on the merits.**

6

"To support a defense of *res judicata*, it must be clear that the court in the previous action intended that the disposition there was to be without right to further proceedings by the plaintiff." *Western Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1358 (11th Cir. 1999) (quoting *Equitable Fire & Marine Ins. Co. v. Bradford Builders, Inc.*, 174 So. 2d 44, 45 (Fla. 3d DCA 1965)). The judgment relied upon "must reflect within its four corners that it was on the merits and is conclusive as to the second suit." *Thomson McKinnon Sec., Inc. v. Slater*, 615 So. 2d 781, 783 (Fla. 1st DCA 1993) (citing *Reynolds v. Reynolds*, 117 So. 2d 16, 20 (Fla. 1st DCA 1959)). An order granting a motion to dismiss with prejudice for failure to state a claim is an adjudication on the merits. *See Smith v. St. Vil*, 714 So. 2d 603, 605 (Fla. 4th DCA 1998) (finding that the dismissal of an action with prejudice for failure to state a cause of action is an adjudication on the merits unless the dismissal specifies otherwise).

Plaintiff's claims in this case have already been adjudicated on the merits in the State Court Case. Specifically, Plaintiff's first amended complaint was dismissed with prejudice by an order that addressed the substance and merits of his claims. Papadelias Decl., Ex. G. The dismissal order clearly states that it included a "careful analysis of the facts alleged, the reason the lawsuit was brought, and the merits of the plaintiff's claims." *Id*. at 5. The court also determined that "allowing Plaintiff to re-plead would be futile [and] prejudicial," and therefore dismissed the matter without leave to amend. *Id*. at 13. The court's detailed evaluation of Plaintiff's case constitutes an adjudication on the merits for purposes of *res judicata*.

### B. The two suits share the identity of the thing sued for and cause of action.

As to factors one and two, Florida courts tend to consider the requirement of the identity of the thing sued for together with identity of causes of action. *See, e.g.*, *Pumo v. Pumo*, 405 So. 2d 224, 226 (Fla. 3d DCA 1981). To determine whether identity of the thing sued for exists, courts look to whether the relief sought in the second action could have been granted in the first. *ICC Chem. Corp. v. Freeman*, 640 So. 2d 92, 93 (Fla. 3d DCA 1994). And to determine whether identity of the cause of action exists, courts look to "whether the facts essential to the maintenance of both actions are the same." *Felder v. State Dep't of Mgmt. Servs.*, 993 So. 2d 1031, 1034 (Fla. 1st DCA Feb. 11, 2008).

Importantly, *res judicata* bars not only the claims actually litigated in the first suit, but also "every other matter which the parties might have litigated and had determined, within the issues as [framed] by the pleadings or as incident to or essentially connected with the subject matter of the first litigation." *AMEC Civil, LLC v. State, Dept. of Transp.*, 41 So. 3d 235, 239 (Fla. 1st DCA 2010) (quoting *Zikofsky v. Marketing 10, Inc.*, 904 So. 2d 520, 523 (Fla. 4th DCA 2005)). In other words, res judicata "extends only to the facts and conditions as they existed at the time the prior court rendered the prior judgment." *Saadeh v. Stanton Rowing Foundation, Inc.*, 912 So. 2d 28, 31 (Fla. 1st DCA 2005). If the underlying facts and issues are the same in each case, the identity of cause of action exists. *Hicks v. Hoagland*, 953 So. 2d 695 (Fla. 1st DCA 2007) (holding that the record established the identity of cause of action where

8

the facts and issues supporting the underlying transaction existed at the time the prior court rendered the prior judgment).

Here, there is both "identity of the thing sued for" and "identity of cause of action" with the State Court Case. Each case is based on, and alleges, an almost identical set of facts; namely, Mishiyev's complaints about his failed DJ career and Beasley and Davis's purported statements related to that career. For example, both the instant Amended Complaint and the first amended complaint in the State Court Case state that Davis posted a video on his Instagram page allegedly admitting that Davis "was the reason that Plaintiff AKA DJ Short-E 'ain't made it the last 20 years.'" (Dkt. 5 ¶¶ 18, 88); Papadelias Decl. Ex. E, ¶¶ 18, 44. Plaintiff also makes identical allegations in this case and the State Court Case that Davis spread rumors "that Mr. Mishiyev was a 'culture-vulture.'"[4] (Dkt. 5 ¶¶ 25, 95); Papadelias Decl. Ex. E, ¶ 24. Plaintiff further claims in each pleading that employees of Beasley, including Stu Robinson, told Plaintiff that he would "never work at a radio station." (Dkt. 5 ¶¶ 115, 155); Papadelias Decl. Ex. E, ¶¶ 51, 57.

Additionally, the facts and issues raised here existed at the time of Plaintiff's filing of the State Court Case. There are no new allegations or claims in the instant case that could not have been litigated in the underlying matter. All of Plaintiff's grievances pre-date his first amended complaint in the State Court Case, which was

---

[4] Plaintiff alleges that the term "culture-vulture" means "a slang term that is used in the hip-hop community to refer to a White or non-Black person who benefits from hip-hop culture" and claims that this term is defamatory. (Dkt. 5 ¶ 95).

9

filed on September 2, 2022. Papadelias Decl., Ex. E. Notably, the allegedly defamatory statements were made "in a pattern of unlawful behavior for 20 years against Plaintiff," with the last statement made by Davis purportedly occurring in April 2022. (Dkt. 5 ¶¶ 88, 89). In the instant Amended Complaint, Plaintiff details statements that were made by various DJs about Plaintiff's reputation, including that he would not be hired anywhere and allegedly used illegal drugs. *Id.* at ¶¶ 10-56. These incidents all occurred between 2004 and April 2022. *Id.* at ¶¶ 128-166.[5] And although Plaintiff adds claims in this case for religious discrimination and violations of Florida's Deceptive and Unfair Trade Practices Act, he could have sought relief on these bases in the State Court Case.

As established above, these causes of action arise out of the same set of operative—and lengthy—facts at issue in the State Court Case. Therefore, the suits share the identity of the thing sued for and the identity of cause of action.

**C. The identity and quality of the parties is the same in each case.**

As to factors three and four, identity of the parties is complete when the parties to the later suit were either parties to the first suit or in privity with those parties. *Kimbrell v. Paige*, 448 So. 2d 1009, 1012 (Fla. 1984). Similarly, identity of the quality or capacity simply requires the parties to have appeared in the same capacity or character. *Radle v. Allstate Ins. Co.*, 758 F. Supp. 1464, 1468 (M.D. Fla. 1991)

---

[5] The Amended Complaint references some third-party text messages that post-date the first amended complaint in the State Court Case. (Dkt. 5 ¶¶ 27-28). However, these text messages do not involve the Defendants, reference conduct that purportedly occurred in 2011, and are otherwise not relevant to Plaintiff's claims.

(explaining that this identity is met where the parties in the first action "had the incentive to adequately litigate the claims in the same character or capacity as would the parties to the [second] action.").

The parties are the same in both the State Court Case and the instant action. Plaintiff has sued Davis and Beasley in both matters. Additionally, Plaintiff, Davis, and Beasley all appear in the same capacity in each case. More specifically, Plaintiff complains in both forums about Davis's role as Beasley's employee and radio show Program Director. Plaintiff has not and cannot establish that there is a difference in the identity or role of the parties between the State Court Case and the instant case. Therefore, there is a complete identity of the parties and of the persons against whom the claims are made. Accordingly, all the causes of action in Plaintiff's Amended Complaint meet the requisite four identities and are therefore barred by *res judicata*.

**II.     The Amended Complaint is an impermissible shotgun pleading.**

In addition to being barred by *res judicata*, Plaintiff's Amended Complaint is an impermissible shotgun pleading that should be dismissed with prejudice. Federal Rule of Civil Procedure 8 requires a "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is "to require the pleader to present his claims discretely and succinctly" so that both the opposing party and the court can discern and evaluate the claims. *Barampov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quotations omitted). "Shotgun pleadings" in violation of these requirements "are flatly forbidden" and will be dismissed accordingly. *Id*. at 1324, 1326. A complaint that is "replete with

11

conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" is considered a shotgun pleading. *Id*. at 1325. Courts are well within their discretion to dismiss a shotgun pleading with prejudice after an opportunity to amend. *Id*. at 1326; *see also McDonough v. City of Homestead*, 771 F. App'x 952, 956 (11th Cir. 2019) (affirming dismissal with prejudice where *pro se* plaintiff failed to remedy defects in shotgun pleading). Further, courts have discretion to dismiss a complaint with prejudice where any further amendment would be futile. *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 944 (11th Cir. 2017) (affirming dismissal of a *pro se* complaint with prejudice and explaining that "a district court need not allow even a *pro se* plaintiff leave to amend where amendment would be futile").

Plaintiff's Amended Complaint did not comply with the Court's directives regarding his first shotgun pleading. Specifically, the Report and Recommendation evaluating his initial complaint found that the complaint was "undoubtedly a shotgun pleading. The 'Statement of Facts' is ten pages long and contains numerous irrelevant facts. Compounding the problem is that the plaintiff incorporates his 80-paragraph Statement of Facts into each of the seven causes of action." (Dkt. 3 at 4). The Court advised Plaintiff that "he should not – as he did this time – set forth a rambling list of evidence and circumstances. Further, each count should be supported within that count by a short and plain statement of relevant facts that support the claim." *Id*. at 5.

Instead of paring down and organizing his allegations as required, Plaintiff expanded them: the Amended Complaint includes 49 pages and 480 paragraphs

(Dkt. 5), where the initial complaint was comprised of 18 pages and 129 paragraphs (Dkt. 1). Plaintiff merely copied and pasted most of his 70-paragraph "Statement of Facts" from the initial complaint into each individual cause of action in the Amended Complaint (compare Dkt. 1, ¶¶10-80 with Dkt. 5, ¶¶83-120, ¶¶128-173, ¶¶182-249, ¶¶259-325, ¶¶331-398, ¶¶405-419, ¶¶423-475). Because he is in direct violation of this Court's orders regarding shotgun pleadings, the Amended Complaint should be dismissed in its entirety. *Barampov*, 986 F.3d at 1326; *Jackon v. Bank of America, N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (dismissal is warranted for failure to comply with court's order regarding shotgun pleading). Additionally, because further amendment of the pleadings would be futile, the dismissal should be with prejudice.

### III. Plaintiff's claims fail on the merits.

As additional grounds for dismissal, this Court can find that Plaintiff's claims each fail as a matter of law. While Plaintiff adds claims for "intentional racial discrimination" and violation of Florida's Deceptive and Unfair Trade Practices Act in this matter, his other claims are identical to those raised in the State Court Case, which were all determined to be without merit. Plaintiff fails to state a claim for both racial discrimination and defamation, and his remaining claims are barred by Florida's single-action rule because they are based on the same set of operative facts as the defamation claim.

### A. The racial discrimination claim fails.

Plaintiff's claim for "intentional racial discrimination" is based solely on the purported harassment and mocking he suffered for being Jewish. (Dkt. 5 ¶¶ 86, 88, 90, 98). Although characterized as racial discrimination, this count appears to be a cause of action for religious discrimination. Section 1981 does not apply to claims for religious discrimination. 42 U.S.C. § 1981; *see also St. Francis College v. Al-Khazraji*, 481 U.S. 604, 607 (1987) (observing that section 1981 does not encompass claims of religious discrimination). Further, section 1981 claims have a four-year statute of limitations. 28 U.S.C. § 1658. While Plaintiff provides no concrete dates of his alleged religious discrimination, he claims that this has been occurring for the last 20 years. (Dkt. 5 ¶ 89). Accordingly, Plaintiff's claim for "racial," or religious discrimination, is barred by the statute of limitations and fails as a matter of law. And, because this claim fails, this Court can also choose to dismiss because it has no subject matter jurisdiction over the remaining state claims. *See* (Dkt. 3 n. 1).

### B. Plaintiff's defamation claim fails.

The substantive law of Florida applies to Plaintiff's defamation claim. *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). In order to sufficiently allege a cause of action for defamation, Plaintiff must show: (1) a false and defamatory statement (2) of and concerning the plaintiff that is (3) published to a third party with (4) fault on the part of the publisher and (5) damages. *Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). None of the statements in the Amended Complaint can give rise to a colorable defamation claim because (a) almost all allegedly defamatory

statements are time-barred; (b) none of the allegedly defamatory statements convey any actionable, non-opinion articulation of objective facts; and (c) Plaintiff did not allege any facts to show that any statement was published with the requisite degree of fault.

### Statute of Limitations

Defamation claims are subject to a two-year statute of limitations. § 95.11(4)(g), Fla. Stat. Almost all the allegedly defamatory statements in the Amended Complaint occurred between 2004 and 2017, with one statement by Davis occurring in 2022. (Dkt. 5 ¶¶ 10-80). The initial complaint in this matter was filed on August 28, 2023, and therefore the statute of limitations would preclude recovery for any statement made before August 28, 2021. The majority of the statements at issue in the Amended Complaint are barred by the statute of limitations.

### Statements are not actionable

Moreover, the statements at issue are not provably false and therefore not defamatory. Opinions are not defamatory, and the Court must determine whether a statement is objectively falsifiable to qualify as an opinion. *See, e.g., Santilli v. Van Erp*, No. 8:17-cv-1797-T-33MAP, 2018 WL 2172554 at *5–6 (M.D. Fla. Apr. 20, 2018) (calling an academic a "fringe scientist," "mad professor," and "cunning scam artist" was opinion because such statements are not objective or falsifiable); *Turner v. Wells*, 879 F.3d 1254, 1264-66 (11th Cir. 2018) (stating that a person engaged in "homophobic taunting" and exercised "poor judgment" is opinion). Further, statements characterizing a person as unsuccessful, inept, or incompetent are not

15

defamatory as a matter of law. *See Coleman v. Collins*, 384 So. 2d 229, 231 (Fla. 5th DCA 1980) (citing *Palm Beach Newspapers, Inc. v. Early*, 334 So. 2d 50 (Fla. 4th DCA 1977)); *see also Krinsky v. Doe 6*, 72 Cal. Rptr. 3d 231, 235 (Ct. App. 2008) (applying Florida law and finding that calling an executive a "boob" and "loser" was not defamatory). Statements hyperbolically suggesting criminal activity or drug use are similarly not actionable. *Horsley v. Rivera*, 292 F.3d 695, 701–02 (11th Cir. 2002) (finding that a statement on national television that plaintiff was "an accomplice to murder" was rhetorical hyperbole); *Pullum v. Johnson*, 647 So. 2d 254, 257 (Fla. 1st DCA 1994) (holding that calling the plaintiff a "drug pusher" was rhetorical hyperbole).

The statements at issue here concern opinions regarding Plaintiff's reputation and therefore not defamatory. Comments that Plaintiff "has a horrible reputation," "will never work in radio," used illegal drugs, or was not hired by a particular venue (Dkt. 5 ¶¶ 27, 45-48), are not provably false as either opinion or hyperbole and are therefore not defamatory as a matter of law.

### *Failure to plead fault*

Finally, Plaintiff fails to plead the requisite standard of fault. In order to establish fault, a plaintiff must allege either "actual malice" or "negligence." *Mastandrea v. Snow*, 333 So. 3d 326, 327-28 (Fla. 1st DCA 2022). In addition to using these words, a plaintiff must also set forth *facts* which are legally sufficient to establish the requisite degree of fault. *Frieder v. Prince*, 308 So. 2d 132, 134 (Fla. 3d

DCA 1975) (emphasis added); *see also Don King Prods., Inc. v. Walt Disney Co.*, 40 So. 3d 40, 43 (Fla. 4th DCA 2010) (holding that there must be evidence to "permit the conclusion that the defendant[s] in fact entertained serious doubts as to the truth of [their] publication.")

Here, Plaintiff uses the words "actual and express malice," but completely fails to allege any facts to suggest that actual malice existed in this case. (Dkt. 5 ¶¶ 175-177). And without facts to show actual malice, the defamation claim fails.

### C. Plaintiff's additional claims are barred by the single-action rule.

In Florida, the single-action rule provides that the utterance or publication of allegedly false and defamatory statements gives rise to a single cause of action— defamation. *Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992); *see also Ovadia v. Bloom*, 756 So. 2d 137, 140–41 (Fla. 3d DCA 2000) (noting the single action rule "does not permit multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based."). The rule is designed to prevent litigants from making an end-run around the privileges, protections, and defenses available in defamation actions by simply renaming their defamation claims as some other tort. *Orlando Sports Stadium, Inc. v. Sentinel Star Co.*, 316 So. 2d 607, 609 (Fla. 4th DCA 1975); *see also Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. 4th DCA 2002). Put simply, to the extent that a claim overlaps with defamation, the claim must be treated as a defamation claim.

Here, Plaintiff alleges that the same statements and actions that form the basis of his defamation claim also support his five ancillary claims. Because the same set of

17

operative facts allegedly supports all his claims, they are treated as a single defamation claim, subject to the same conditions, elements, privileges, and defenses applicable in the law of defamation. *See Seminole Tribe v. Times Publ'g Co.*, 780 So. 2d 310, 318 (Fla. 4th DCA 2001). Accordingly, the single-action rule requires dismissal of all extraneous claims. *See, e.g., Callaway*, 831 So. 2d at 208 (barring tortious interference claims under the single-action rule); *Orlando Sports Stadium*, 316 So. 2d at 609 (barring tortious interference claims under the single-action rule); *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1257 (S.D. Fla. 2014) (barring intentional infliction of emotional distress and tortious interference claims under the single-action rule); *Tobin v. Damian*, 772 So. 2d 13, 15 n.1 (Fla. 4th DCA 2000) (barring concurrent claims for intentional infliction of emotional distress and civil assault under the single-action rule); *Int'l Sec. Mgmt. Group, Inc. v. Rolland*, 271 So. 3d 33, 48 (Fla. 3d DCA 2018) (barring a negligent supervision claim under the single-action rule); *MYD Marine Distribs., Inc. v. Donovan Marine, Inc.*, No. 07-61624-Civ, 2009 WL 701003, at *2–5 (S.D. Fla. Mar. 16, 2009) (barring tortious interference and negligent supervision claims under the single-action rule).

      Because Plaintiff's claims for violations of Florida's Deceptive and Unfair Trade Practices Act, intentional infliction of emotional distress, negligent supervision, civil assault, and intentional interference with business relations duplicate his defamation claim, they cannot stand as a matter of law.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiff's claims with prejudice.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for Defendants certifies that she conferred with Plaintiff on December 4, 2023 via email regarding the Motion. Plaintiff opposes the relief requested herein.

Dated: December 6, 2023

Respectfully submitted,

SHULLMAN FUGATE PLLC

*s/Allison S. Lovelady*
Rachel E. Fugate (FBN 144029)
rfugate@shullmanfugate.com
Allison S. Lovelady (FBN 70662)
alovelady@shullmanfugate.com
Sarah M. Papadelias (FBN 125098)
spapadelias@shullmanfugate.com
100 South Ashley Dr., Suite 600
Tampa, Florida 33602
Ph: (813) 935-5098
*Attorneys for Beasley*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2023 a true and correct copy of the foregoing was served on Plaintiff, Erik Mishiyev, via CM/ECF and provided via email to erikmishiyev@gmail.com.