UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIK MISHIYEV,

    Plaintiff,

v.                                      Case No: 8:23-cv-01940-KKM-TGW

ARLANDAL ORLANDO DAVIS, and
BEASLEY MEDIA GROUP, LLC,

    Defendants.
_____

## ORDER

Erik Mishiyev, proceeding pro se, sues Arlandal Orlando Davis and Beasley Media Group, LLC, pleading various state law claims and race discrimination under 42 U.S.C. § 1981. Am. Compl. (Doc. 5). Defendants move to dismiss, arguing that the suit is barred by the res judicata effect of a state court judgment working its way through appellate proceedings in Florida's Second District Court of Appeals (2d DCA). MTD (Doc. 25) at 2–3, 2 n.1, 3 n.2. Given the pending parallel litigation, I ordered the Parties to brief abstention under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). *See* (Docs. 27, 32, 35). Having reviewed that briefing, I conclude that abstention is appropriate and stay this case pending the resolution of the parallel state court proceeding.

I. BACKGROUND

The factual background of Mishiyev's claims is largely irrelevant to *Colorado River*. In short, Mishiyev is a Tampa DJ with numerous career-related grievances against Defendants. *See generally* Am. Compl.

The procedural history is more important. In October 2020, Mishiyev sued Defendants for defamation and tortious interference with a business relationship. (Doc. 26-1). Defendants moved to dismiss under Florida's Anti-SLAPP statute, which the trial court denied. (Docs. 26-2, 26-3). The 2d DCA then granted Defendants "a writ of certiorari to quash the trial court's order denying [the] motion to dismiss" and returned the case to the trial court for further proceedings. *Davis v. Mishiyev*, 339 So. 3d 449, 450 (Fla. 2d DCA 2022). Mishiyev amended his complaint to add claims for intentional infliction of emotional distress, negligent supervision, and assault, (Doc. 26-5), and Defendants once again moved to dismiss on Anti-SLAPP grounds, (Doc. 26-6). This time, the trial court granted Defendants' motion and dismissed the amended complaint with prejudice. (Doc. 26-7). Mishiyev timely appealed to the 2d DCA, where the matter remains pending. *Mishiyev v. Davis*, No. 2D23-1242 (Fla. 2d DCA).

Roughly two months after initiating his appeal, Mishiyev filed a complaint in this Court, adding a race discrimination claim under § 1981 and a claim under Florida's Deceptive and Unfair Trade Practices Act (FDUTPA). *See* Compl. (Doc. 1). I adopted

the Magistrate Judge's report and recommendation denying Mishiyev's motion to proceed *in forma pauperis* and dismissed the complaint with leave to amend. *See* (Docs. 3–4). Mishiyev paid the filing fee and timely repleaded his complaint. *See* Am. Compl. Defendants then appeared and moved to dismiss with prejudice, arguing that the suit was barred by res judicata, that the amended complaint was a shotgun pleading, and that Mishiyev's claims failed on the merits. *See* MTD.

After being notified of the parallel state court proceeding in Defendants' motion, *see generally* (Docs. 25–26), I ordered supplemental briefing on *Colorado River* abstention. (Docs. 27, 32, 35).

## II.   LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *See* U.S. CONST., art. III, § 2 (establishing the "nine heads" of federal jurisdiction); 28 U.S.C. ch. 85 (governing the subject-matter jurisdiction of the federal district courts). Two principles follow. First, if a district court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See, e.g.*, FED. R. CIV. P. 12(h)(3). Second, courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817.

But "virtually" is not "always," and in some cases it is appropriate to abstain from jurisdiction under an exception to the general rule. *See id.* at 813. One of those exceptions

3

is *Colorado River* abstention, which allows a district court to stay a case "when federal and state proceedings involve substantially the same parties and substantially the same issues." *Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1286 (11th Cir. 2024) (quoting *Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004)). After this predicate is met, the decision to abstain under *Colorado River* is committed to the district court's sound discretion, subject to its consideration of several factors. *Id.* at 1285–86. Although "the list . . . is not exhaustive," the Eleventh Circuit has recently articulated eight such factors: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, (6) the adequacy of the state court to protect the parties' rights, (7) the vexatious or reactive nature of either the federal or the state litigation, and (8) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention." *Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021) (cleaned up).

Because "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting," *id.* (alterations in original) (quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)), courts "should not apply these factors mechanically in evaluating whether to grant a dismissal or stay of the federal action in favor of the parallel state action," *id.* Instead, courts must "careful[ly]

4

balance[e] . . . the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction," *id.* (alterations in original) (quoting *Moses H. Cone*, 460 U.S. at 16), but "giving regard to conservation of judicial resources and comprehensive disposition of litigation," *id.* (quoting *Colorado River*, 424 U.S. at 817).

## III. ANALYSIS

### A. Mishiyev's Pending State Court Appeal is a Parallel Proceeding

I begin with *Colorado River*'s threshold requirement: the existence of a parallel state proceeding. That inquiry focuses on whether the Parties' pending state court litigation "involve[s] substantially the same parties and substantially the same issues" as this one. *Taveras*, 89 F.4th at 1286 (quoting *Ambrosia Coal*, 368 F.3d at 1330). The proceedings need not "share *identical* parties, issues, and requests for relief," *Ambrosia Coal*, 368 F.3d at 1329–30; *see also id.* at 1330 n.21, so long as they are "substantially similar," *Taveras*, 89 F.4th at 1286. This balance ensures that *Colorado River* is more than a dead letter but prevents parties from seeking abstention "based on wholly unrelated cases." *Ambrosia Coal*, 368 F.3d at 1330.

The two proceedings at issue involve identical parties (Mishiyev, Davis, and Beasley Media Group) and very similar legal issues (five of the seven counts in this action are identical to those in Mishiyev's state court amended complaint, with his new claims under § 1981 and the FDUTPA being the only differences). *Compare* (Doc. 26-5), *with* Am.

5

Compl. The two proceedings are also about the same facts—Mishiyev's relationship with Defendants and whether they have harmed him and his career in various ways. That Mishiyev now presses a § 1981 claim (likely intended to obtain federal jurisdiction, given that all parties appear to be citizens of Florida, see Am. Compl. ¶¶ 1–3) and a FDUTPA claim arising out of the same set of operative facts "do[es] not destroy the parallelism for purposes of the *Colorado River* analysis." *Gold-Fogel*, 16 F.4th at 801.

"With that box checked, [I] proceed to *Colorado River*'s second step and assess the factors, weighing them against the usual strong obligation to exercise jurisdiction when it exists." *Id.* On balance, they favor abstaining at this time.

The first factor is neutral or weighs slightly against abstention, as neither court appears to have assumed jurisdiction over property. Mishiyev asserts that "the state court has refused to accept jurisdiction over the [P]arties," Pl. Suppl. Br. (Doc. 32) at 3, but that cannot be true given the extensive parallel proceedings, *see generally* (Doc. 26). The same goes for the second factor—as the Parties agree, both trial courts are in Tampa, Florida, and appear equally convenient, *see* Pl. Suppl. Br. at 3; Def. Suppl. Br. (Doc. 35) at 6—and the eighth factor—the only federal statute at issue, § 1981, does not reflect a federal policy either for or against abstention.

In contrast, the fourth factor favors abstention. Mishiyev began his state court suit over three years ago, and the Parties have already completed one round of state court

appeals and are litigating another. In contrast, this federal case is less than five months old and has not proceeded beyond supplemental abstention briefing. So too, the fifth and sixth factors favor abstention. All but one of Mishiyev's claims turns on Florida law, and the Florida courts can readily vindicate Floridians' rights under state law. And even were Mishiyev to prevail and eventually amend his state court complaint to add a federal claim, state courts are no less capable of vindicating federal rights.

I separately discuss two final factors—the third and the seventh, which most strongly support abstention. Defendants assert that Mishiyev's complaint should be dismissed based on the res judicata effect of a state court judgment pending appeal. MTD at 5–11. Without deciding the res judicata issue, it appears likely that Mishiyev's state law claims, five of which are identical to those at issue on appeal in the 2d DCA, will be resolved if the state court's judgment is upheld. Proceeding with this suit in the interim risks founding a federal judgment on the res judicata effect of a state court judgment that might later be reversed. Although Defendants are correct that a final judgment generally "retains all of its res judicata consequences pending decision of the appeal," "[s]ubstantial difficulties result from the rule." 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 4433 (3d ed. Apr. 2023 update). "The major problem is that a second judgment based upon the preclusive effects of the first judgment should not stand if the first judgment is reversed." *Id.* "This result should always be

7

avoided." *Id.* District courts may avoid the issue by "staying trial and perhaps pretrial proceedings pending resolution of the appeal in the first action." *Id.* Continuing this federal case while Mishiyev's state court appeal remains pending risks an inconsistent or unfounded judgment should he prevail. Thus, abstention and staying the case until the parallel proceeding resolves is least likely to result in piecemeal, duplicative litigation.

The seventh factor also weighs strongly in favor of abstention. As recounted above, Mishiyev has been litigating his claims against Defendants in state court for over three years. Faced with an unfavorable result and a second round of appeals, Mishiyev appears to have tacked on a federal claim looking for a second bite at the apple. That conduct bespeaks reactive litigation. That Mishiyev then moved to stay his state court appeal pending resolution of this case only confirms his purpose in filing the second suit: To get out of state court and away from an unfavorable ruling. *See* MTD at 3 n.2. But pinballing between parallel forums on near-identical claims hoping to find a more favorable outcome is not even ordinary forum-shopping. That kind of tactic is vexatious, designed to harass Defendants, to waste the judicial resources of multiple courts, and to avoid the consequences of an unfavorable decision. *Colorado River* abstention thwarts that kind of conduct. *See Moses H. Cone*, 460 U.S. at 17 n.20 (explaining that there is "considerable merit" to the idea "that the vexatious or reactive nature of either the federal or the state

8

litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*").

Having considered all eight of the *Colorado River* factors and the overall posture of the case, I conclude that the balance of the factors, and especially the third and seventh, together override the presumption towards exercising jurisdiction. Abstention is justified.

One final note on remedies. Defendants contend that I should "decline [Mishiyev's] suggestion to stay the matter" and instead dismiss with prejudice. Def. Suppl. Br. at 9–10. Although I understand Defendants' frustration, there is no such thing as a dismissal with prejudice based on subject-matter jurisdiction, much less an abstention with prejudice. Instead, the appropriate remedy is to stay the case pending resolution of the parallel state court proceeding, at which point Mishiyev's claims (if any remain) can be addressed in a renewed motion to dismiss. *See Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004) (explaining that "a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state court proceeding under the *Colorado River* doctrine." (quotations omitted)).

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss, (Doc. 25), and Plaintiff's Motion to Submit Additional Electronic Evidence, (Doc. 36), are **DENIED without prejudice**. The Clerk is directed to **STAY and administratively close** this case pending resolution of the

parallel state court proceeding. Defendants are directed to file a notice on the docket within **ten days** of the state court appeal's resolution or otherwise notify the Court of any significant developments. Defendants are also directed to file a status update on **June 3, 2024**, and every **120** days thereafter while the parallel state court proceeding remains unresolved.

ORDERED in Tampa, Florida, on January 25, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge