**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ERIK MISHIYEV,

      Plaintiff,

v.                                                                CASE NO: 8:23-cv-1940-KKM-TGW

ARLANDAL "ORLANDO" DAVIS;
BEASLEY MEDIA GROUP, LLC

      Defendants.

_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO LIFT STAY

In his filing of April 20, 2026, Plaintiff, Erik Mishiyev ("Mishiyev"), asks the Court to lift the stay entered by the Court in this matter more than two years ago. Doc. 62 ( the "Motion"). Defendants Arlandal "Orlando" Davis and Beasley Media Group, LLC (collectively "Beasley") ask the Court to deny the Motion because Mishiyev has provided no colorable justification for the relief he seeks.

The Court initially stayed the matter on January 25, 2024 under the *Colorado River* abstention doctrine because this case essentially mirrors a prior suit that Mishiyev filed in state court. *See generally* Doc. 37.[1] Although the Motion's precise rationale is difficult to pin down, Mishiyev appears to

---

[1] Since the stay was ordered, Beasley has provided the Court with thrice-a-year updates about the state court suit's posture. *See* Doc. 40, 41, 42, 45, 46, 54, 59, 61.

1

argue that the Court should lift the stay because he has brought a trademark claim in state court and now wants to amend the pleading in this case (again) to plead his trademark claim in federal court, too. *See* Motion at 1–2.[2] [3]

But this putative rationale appears unrelated to the *Colorado River* abstention doctrine—which the Motion does not address. Instead, Mishiyev purports to move under 11 U.S.C. 362(d). *See* Motion at 1. Yet the bankruptcy code's relevance to the relief sought in the Motion is uncertain. And where, as here, the circumstances that initially warranted *Colorado River* abstention have not materially changed, lifting a stay to permit amendment is not

---

[2] Both before and after filing the instant suit, Mishiyev has launched a lengthy series of cases based on the same general set of allegations, frequently including trademark-related claims among his general remonstrance that all media entities have conspired for the last quarter century to thwart his dreams of DJ stardom. *See* Doc. 26-5 at 7 (noting the trademark allegations in *Mishiyev v. Davis*, Case No. 20-CA-8301 (Fla. 13th Jud. Cir. 2020)). The most recent pleading in the *Davis* matter (the case to which the Court compared the instant suit when conducting the *Colorado River* analysis, *see* Doc. 37) formally added a trademark claim among Mishiyev's many other grievances. *See id.*, DIN 333 at 16–17. *See also Mishiyev v. Beasley Media Group, LLC,* Case No. 25-CA-001914 (Fla. 13th Jud. Cir. 2025); *Mishiyev v. YouTube, LLC*, Case No. 21-CA-007563 (Fla. 13th Jud. Cir. 2021); *Mishiyev v. UMG*, Case No. 8:23-cv-01942 (M.D. Fla. 2023); *Mishiyev v. Khaled*, Case No. 23-CA-017047 (Fla. 13th Jud. Cir. 2023); *Mishiyev v. YouTube LLC et. al.*, Case No. 8:24-cv-02675 (M.D. Fla. 2024); (removed from Case No. 24-CA-002726 (Fla. 6th Jud. Cir.); *Mishiyev v. Youtube LLC*, Case No. 3:24-cv-08661-WHA (N.D. Cal. 2024); *Mishiyev v. Cierra and iHeartMedia,* Case No. 2:21-cv-00162-SPC-MM (M.D. Fla. 2021); *Mishiyev v. Pichai*, Case No. 8:25-cv-000095 (M.D. Fla. 2025); *Mishiyev v. iHeartMedia*, Case No. 24-CA-010198 (Fla. 13th Jud. Cir 2024); *Mishiyev v. Cox Media Group, LLC*, No. 24-CA-010315 (Fla. 13th Jud. Cir. 2024). Beasley further notes that Mishiyev filed the instant Motion without conferral, in violation of Local Rule 3.01(g).

[3] It further bears noting, as a factual matter, that Mishiyev does not even own the trademark attached to the Motion. A review of the public records associated with the registration attached to the Motion shows that it's owned by iHeartMedia + Entertainment, Inc., not Mishiyev. *See* USPTO, Registration No. 4,493,986 "DJ-Short-E," https://tmsearch.uspto.gov/search/search-results/85930668.

warranted. *C.f. Taveras v. Bank of Am., N.A.*, 89 F.4th 1279, 1289 (11th Cir. 2024) (affirming both the application of *Colorado River* and the district court's refusal to permit amendment because abstention would remain proper regardless of any proposed amendment).

What's more, even if lifting a *Colorado River* stay to amend a pleading could be proper in some instances, it certainly wouldn't be in this case because the trademark claim Mishiyev seeks to add here—as rightly alleged in the Motion and noted in Note 2, *supra*—has already been pled in state court, which only further underscores the propriety of maintaining a stay to avoid additional, duplicative efforts. *See Gold-Fogel v. Fogel*, 16 F.4th 790, 800 (11th Cir. 2021) (explaining that the purpose of the *Colorado River* abstention is the avoidance of wasteful, piecemeal, duplicative actions).

For these reasons, Beasley respectfully requests that the Court deny Mishiyev's Motion.

Dated: May 1, 2026

Respectfully submitted,

SHULLMAN FUGATE PLLC

*/s/Allison S. Lovelady*
Rachel E. Fugate (FBN 144029)
rfugate@shullmanfugate.com
Allison S. Lovelady (FBN 70662)
alovelady@shullmanfugate.com
100 South Ashley Dr., Suite 600
Tampa, Florida 33602
Ph: (813) 935-5098
*Attorneys for Beasley*

3